UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**C. PEPPER LOGISTICS LLC,**

              **Plaintiff,**

**v.**                                                          **Case No:   6:21-cv-557-GAP-GJK**

**ERROL GORDON, THERON
MCKIVER, and MARSHAL
MORRIS,**

              **Defendants.**

_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the

following motion:

> **MOTION: MOTION FOR ENTRY OF THE AMOUNT OF
> ATTORNEY'S FEES AND COSTS PER THE COURT
> ORDER DATED MAY 24, 2021 (Doc. No. 37)**
>
> **FILED:      June 13, 2021**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I.      BACKGROUND.

The above captioned case is one case of several related cases filed in this

District and around the Country. *See* Doc. No. 10-1. On May 24, 2021 the Court

entered an order awarding Plaintiff attorney's fees for responding to the

Defendants' removal of this action to this Court.  Doc. No. 36 at 7-8. On June 13,

2021 Plaintiff filed a Motion for Entry of the Amount of Attorney's Fees and Costs Per the Court Order Dated May 24, 2021 (the "Motion"). Doc. No. 37.  On June 28, 2021, Defendants filed their Opposition to Plaintiff's Motions for Entry of Amount of Attorneys' Fees (the "Response").  Doc. No. 39.

## II.    ANALYSIS.

The Court uses the familiar lodestar method in determining a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). For the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In demonstrating that their hours are reasonable, counsel "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.

Likewise, a party opposing a fee application should also submit objections and proof that are specific and reasonably precise. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the

Particular hours he or she views as "excessive, redundant, or otherwise unnecessary" is generally fatal. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997)). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary." *Barnes*, 168 F.3d at 428 (quotations omitted).

On the face of the Motion, Plaintiff's counsel indicates that "[t]his is a duplicate Memorandum of the one filed in 6:21-CV-0058 [but] counsel is not seeking duplicative fees" (formatting removed). Doc. No. 37. Notwithstanding that statement, the support provided by Plaintiff clearly involves time entries regarding several cases and Plaintiff offers no upon which the Court can determine what fees are attributable to the removal of this particular action.

Although both this case and *Independent Service Provider, LLC v. Aponte,* 6:21-CV-0058 were removed to this Court the same day and remanded to state court on the same day each is a separate action involving different parties.  The same counsel represented the plaintiffs in both cases and in each case the Court found removal to this Court was improper, then awarded the plaintiff in each case their fees for responding to "Defendants' removal." Doc. No. 36 at 7-8; *Aponte,* Doc. No. 36 at 7-8.  The support for the fees claimed in both cases is identical in all respects.  See Doc. No. 37; *Aponte,* Doc. No. 39.   As pointed out by Defendants in their Response, beyond double billing,

counsel's log of hours worked is fraught with entries regarding other cases as to which there was no award of attorneys' fees, block billing, vague entries, overbilling, and billing unrelated to the removal of this case. Doc. No. 39; 39-1; *see* Doc. No. 37-4; Doc. No. 39-1 at 4. Thus, Plaintiff has failed to support its Motion seeking to quantify this Court's award of fees with sufficient particularity to liquidate the amount of fees to be awarded in this case.   *Norman*, 836 F.2d at 1303.

## III.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that the Motion, Doc. No. 37,  be **DENIED.**

**RECOMMENDED** in Orlando, Florida, on October 21, 2021.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from the date this Report and Recommendation is filed to file and serve written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record