**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

C PEPPER LOGISTICS LLC,

        Plaintiff,

v.                                    Case No:   6:21-cv-557-GAP-GJK

ERROL GORDON,
THERON MCKIVER and
MARSHALL MORRIS

        Defendants.

**ORDER**

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees (Doc. 37) and Memorandum in Support (Doc. 38). On referral, Magistrate Judge Gregory J. Kelly issued a Report and Recommendation denying Plaintiff's Motion (Doc. 44). Plaintiff filed an Objection to the Report (Doc. 45) and Defendants filed a response (Doc. 46). Upon de novo review of the above, the Report will be confirmed and adopted.

In resolving objections to the recommendation of a magistrate judge, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). De novo review requires independent consideration of factual issues based on the record.

*Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

On May 24, 2021, the Court remanded this case to state court and granted Plaintiff's request for fees. In its motion, Plaintiff seeks fees incurred for work performed in this case and twelve other lawsuits where Plaintiff's counsel sought remand. Plaintiff's counsel argues that the work performed in this case is "inextricably intertwined" with the work he performed in those other lawsuits and he deserves to be fully compensated for that work here. The Report found that Plaintiff's calculations were unsupported and recommended that the Court deny Plaintiff's Motion.

The Court finds that the Report and Recommendation is legally and factually sound. Plaintiff's argument that Defendants must compensate Plaintiff for work performed in thirteen different lawsuits is legally unsupported.[1] And Plaintiff failed to submit adequate records to support an award of fees. Plaintiff

---

[1] In its objection, Plaintiff cites to *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170 (2d Cir. 1996) and *Hensley v. Eckerhart*, 461 U.S. 424 (1983). But neither of these cases involve the situation before the Court, where a common plaintiff is seeking fees from distinct defendants.

provides no support for the hourly rate set forth in the motion and the timekeeping records are insufficient to determine the reasonableness of the work performed.

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. 44) is **ADOPTED** and **CONFIRMED** as set forth above.

2. Plaintiff's Objection to the Report and Recommendation (Doc. 45) is **OVERRULED**.

3. Plaintiff's Motion for Attorneys' Fees (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2021.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party